UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JASON MATTHEW NAVARRO,<br>Defendant. | Case No. 5:26-mj-00030-CDB<br><br>ORDER OF DETENTION PENDING REVOCATION HEARING |

**Background**

Defendant Jason Matthew Navarro was arrested in this district on a bench warrant issued by the Central District of California in connection with a petition alleging that he violated his conditions of pretrial release imposed there. *See Unites States of America v. Navarro*, Case No. 5:24-cr-00011-JGB (C.D. Cal.) ("C.D. Cal. Case").

On August 11, 2026, Defendant appeared through appointed counsel for an initial appearance in this Court, as the district of arrest, pursuant to Federal Rules of Criminal Procedure 5(c)(3) and 40. Defendant was advised of the allegations in the petition and of his rights, including his right to make no statements in court. The government requested that Defendant be detained pending further proceedings. Appointed counsel sought a brief continuance to prepare for the anticipated detention hearing. Accordingly, a continued detention hearing was set for August 13, 2026, at which time Defendant and counsel appeared. In advance of the hearing, the

Pretrial Services Office distributed to all parties and the Court a "Rule 5 Incoming Addendum" that summarized the procedural posture of Defendant's criminal case in the Central District of California.

**Governing Legal Standard**

Pursuant to Rule 40(c), a court may modify any previous release or detention order issued in another district but must state its reasons for doing so in writing. Here, because the request by the government that Defendant be detained would require a change –revocation – of the release order issued in the Central District of California, the Court proceeded with a detention hearing under Rule 40(c). *See, e.g., United States v. Turner*, 2023 WL 2401581, *2 (W.D.N.C. Mar. 8, 2023); *United States v. Garraway II*, 2022 WL 14752697, *1 (S.D. Tex. Oct. 25, 2022). *Accord United States v. Martin*, 2022 WL 4370447, *3 (N.D. Tex. Sept. 21, 2022) ("the magistrate judge in the district of arrest should, pending the revocation hearing, either order detention or decide on conditions of release and should do so after a hearing on those matters.").

**Discussion**

Defendant originally was arrested in the Central District of California on February 20, 2024, on arrest warrant issued by that district on indictment charging Defendant with mail theft in violation of 18 U.S.C. § 1708. C.D. Cal. Case Doc. 10. Following a detention hearing, Defendant was ordered released on a $21,600 appearance bond and numerous pretrial conditions of release. *Id.* Doc. 11.

On August 25, 2025, Defendant entered a guilty plea to the sole count charged in the indictment. C.D. Cal. Case Doc. 47. Because Defendant is pending sentencing in the Central District of California, the Court concluded after discussion with counsel that the standard set forth by Fed. R. Crim. P. 46(c) and 18 U.S.C. § 3143(a)(1) governs. "Under that standard, a defendant seeking release must show 'by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.'" *United States v. Kelly*, No. 3:25-MJ-195, 2025 WL 1919325, at *1-2 (N.D. Fla. July 10, 2025) (quoting 18 U.S.C. § 3143(a)(1)).

According to the instant petition alleging violations of pretrial release conditions, on seven separate occasions over a four-month period, Defendant violated the condition of his pretrial release that requires him to appear for drug testing. He also is alleged to have violated on three separate occasions over a two-month period the condition of his pretrial release that prohibits him from using or possessing controlled substances. Finally, Defendant is alleged to have committed numerous criminal offenses under the California Penal Code on or about December 4, 2025, including shoplifting, petty theft, and unlawful possession of a firearm and ammunition, all in violation of condition of his pretrial release that prohibits him from committing any federal, state, or local crime.

On December 8, 2025, Defendant appeared for a bond revocation hearing in the Central District of California. Following the hearing, Defendant was permitted to remain out of custody and the district court added a condition of his pretrial supervision that he commence an outpatient drug treatment program for purposes of being admitted into a residential treatment program. C.D. Cal. Case Docs. 56, 57.

As addressed on the record during the detention hearing, given his alleged, significant, recent history of substance abuse and the charging district's inability to successfully accommodate Defendant's release through participation in substance abuse treatment, as well as his admitted history of violating his conditions of pretrial release, the undersigned concludes that Defendant has failed to demonstrate by clear and convincing evidence that he does not pose a flight risk. As such, pursuant to Rule 40(c), the previously entered release order in the Central District of California should be modified.

ACCORDINGLY, based on the totality of these considerations, it is HEREBY ORDERED that Defendant Jason Matthew Navarro is remanded to the custody of the United States Marshal and ordered transported to the Central District of California for further proceedings pursuant to 18 U.S.C. § 3148(b).

IT IS SO ORDERED.

Dated: **August 13, 2026**

UNITED STATES MAGISTRATE JUDGE